UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO ROMERO HERNANDEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO, et al.,<br><br>Defendants. | Case No. 2:25-cv-00900-CSK<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND STRIKE<br><br>(ECF No.10) |

Pending before the Court are Defendants City of Vallejo, Jason Ta, Pablo Lopez, and Rosenda Mesa's motion to dismiss the First Amended Complaint ("FAC") in part and motion to strike pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). Defs. Mot. (ECF No. 10).[1] A hearing by Zoom was held on September 2, 2025.[2] (ECF No. 19.) Melissa Nold appeared as counsel for Plaintiffs and Katelyn M. Knight appeared as counsel for Defendants. (ECF No. 19.) For the reasons that follow, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion. Defendants' motion to strike is GRANTED IN PART AND DENIED IN PART. Defendants' motion to strike paragraphs

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) on the consent of all parties. (ECF Nos. 6, 7, 9.)

[2] The Court approved Plaintiffs' unopposed request to appear by video and the hearing on Defendants' motion to dismiss was transitioned to be held by Zoom. (ECF Nos. 15, 18.)

1

48, 53-65, 70-78, 94-108, 110-151, and the prayer for a consent decree, are GRANTED; and Defendants' motion to strike Paragraphs 49-52, 66-69, 79-93 and 109 are DENIED. Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART. Defendants' motion to dismiss Plaintiffs' claims against Defendant Chief Ta in his official capacity are GRANTED with leave to amend; and Defendants' motion to dismiss Plaintiffs' *Monell* claim (fourth cause of action) is GRANTED IN PART AND DENIED IN PART. Plaintiffs' *Monell* claim on the basis of a custom or practice theory may proceed. Plaintiffs' *Monell* claim on the basis of a ratification theory is DISMISSED with leave to amend.

I.  **BACKGROUND**

   A.  **Facts**[3]

On or about March 19, 2023, at approximately 2:45 a.m., married couple Plaintiffs Daisy Romero and Gonzalo Romero Hernandez were passengers in a car driving through the City of Vallejo. FAC ¶ 20 (ECF No. 4). Plaintiffs were passengers, asleep in the back seat of the car when the driver, Miguel Maravillas, was involved in a minor car accident. *Id*. ¶¶ 20-21. The car's safety system summoned law enforcement and Defendants Lopez, Mesa and other unidentified Vallejo police officers arrived to the scene of the accident. *Id*. ¶ 20. Plaintiff Daisy remained in the back seat of the car and did not wake up when Plaintiff Gonzalo tried to get her up and out of the car. *Id.* ¶ 22. Instead of checking on Plaintiff Daisy to see if she needed medical attention, "Vallejo Police Officers began screaming at her, 'GET OUT OF THE CAR.'" *Id*. ¶ 23. Both Plaintiff Gonzalo and Maravillas told officers that Plaintiff Daisy passed out and was not awake or responsive. *Id*. ¶ 24. Plaintiff Gonzalo was not allowed to assist or help Plaintiff Daisy. *Id.* Unidentified Vallejo police officers "violently dragged [Plaintiff Daisy] out of the

---

[3] These facts primarily derive from the First Amended Complaint (ECF No. 4), which are construed in the light most favorable to Plaintiffs, as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

2

car by the hair of her head and upper body," thereby waking up Plaintiff Daisy who was shocked and terrified. *Id*. ¶ 25.

After being violently dragged out of the car, Plaintiff Daisy was slammed in a seated position on the grass of the sidewalk while she cried out in pain, triggering her pre-existing herniated disk and sciatic injury. FAC ¶ 26. Plaintiff Gonzalo began filming the officers and verbally protested the mistreatment of Plaintiff Daisy despite Defendant Lopez's attempts to prevent him from filming. *Id*. ¶¶ 27-28. Plaintiff Daisy was then grabbed by Defendant Mesa from a "cross-legged position on the grass," thrown forward, and her face, head and body were slammed into the street, while Plaintiff Gonzalo cried out to the officers "what are you doing??" and to "leave her alone." *Id*. ¶ 29. Plaintiff Daisy was held down by "other officer(s)" and Defendant Mesa straddled her and an unidentified Vallejo police officer handcuffed Plaintiff Daisy while her face, head and body were forced into the ground. *Id*. ¶ 31.

After placing Plaintiff Daisy in the patrol car, Defendant Mesa told Plaintiff Gonzalo to back up. FAC ¶ 34. After Plaintiff Gonzalo complied and turned his back to the officers, "multiple Vallejo police officers" pulled Plaintiff Gonzalo off his feet, dumped him on his head face first into the concrete and slammed his head into the concrete multiple times, scraping multiple layers of skin off his face. *Id*. ¶¶ 34-35. After Plaintiff Gonzalo briefly ended up on his back, cellphone footage showed an unidentified Vallejo police officer with his hands around Plaintiff Gonzalo's throat choking him. *Id*. ¶ 36. Additional unidentified Vallejo police officers bent, abused and contorted Plaintiff Gonzalo's body, flipped him over and violently handcuffed him. *Id*. After Plaintiff Gonzalo's arrest, an unidentified Vallejo police officer tried to convince him that his injuries were a result of falling. *Id*. ¶ 37.

Plaintiff Daisy was falsely arrested and charged for resisting arrest, and Plaintiff Gonzalo was falsely arrested for felony battery on a police officer and a misdemeanor resisting arrest. FAC ¶¶ 38-39. The Solano County District Attorney later dismissed the charges. *Id*. ¶ 42.

In October 2023, Plaintiffs filed a formal complaint with the Vallejo Police Department and requested an internal affairs investigation of the incident. FAC ¶ 44. Plaintiffs have not received an outcome on their formal complaint. *Id*. Plaintiffs allege they continue to suffer from "pain, fear, embarrassment, anxiety, stress and disfigurement" resulting from the incident. *Id*. ¶¶ 40-41, 45.

### B. Procedural Posture

On March 19, 2025, Plaintiffs filed the original complaint in this action. *See* Compl. (ECF No. 1). On April 9, 2025, prior to the filing of a responsive pleading, Plaintiffs filed the operative first amended complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a). *See* FAC. The FAC names Defendants City of Vallejo; Chief Jason Ta in his official capacity; Officer Pablo Lopez in his individual capacity; Officer Rosendo Mesa in his individual capacity; and Does 1-25. *Id*. ¶¶ 11-15. The FAC alleges the following eight (8) causes of action: (1) 42 U.S.C. § 1983 claim for excessive force in violation of the Fourth Amendment brought by Plaintiffs against Defendants Lopez, Mesa, and Does 1-25; (2) 42 U.S.C. § 1983 claim for right to film in violation of the First Amendment brought by Plaintiff Gonzalo against Defendants Lopez, Mesa, and Does 1-25; (3) 42 U.S.C. § 1983 claim for unlawful seizure in violation of the Fourth Amendment brought by Plaintiffs against Defendants Mesa, Lopez, and Does 1-25; (4) 42 U.S.C. § 1983 claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), brought by Plaintiffs against Defendants City of Vallejo, Chief Ta, and Does 1-25; (5) negligence claim brought by Plaintiffs against Defendants City of Vallejo, Mesa, Lopez, and Does 1-25; (6) battery claim brought by Plaintiffs against Defendants City of Vallejo, Mesa, Lopez, and Does 1-25; (7) excessive force claim in violation of California Civil Code § 52.1 (referred to as the "Bane Act") brought by Plaintiffs against Defendants City of Vallejo, Mesa, Lopez, and Does 1-25; and (8) false imprisonment and false arrest claim brought by Plaintiffs against Defendants City of Vallejo, Mesa, Lopez, and Does 1-25. FAC ¶¶ 180-243.

Defendants move to dismiss all claims against Defendant Chief Ta and to dismiss

the fourth cause of action (*Monell*) for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6). Defs. Mot. at 3, 8-9. Defendants also move to strike paragraphs 48-151 of the FAC and Plaintiffs' prayer for a consent decree pursuant to Federal Rules of Civil Procedure 12(f). *Id.* at 3-8. Plaintiffs have filed an opposition, and Defendants have filed a reply. (ECF Nos. 14, 17.)

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Mollett*, 795 F.3d at 1065. However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen*, 559 F.3d at 1071.

### B.   Motion to Strike under Rule 12(f)

Rule 12(f) grants the district court with authority to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th

Cir. 1983). Granting a motion to strike "may be proper if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Taheny v. Wells Fargo Bank, N.A.*, 2011 WL 1466944, at *2 (E.D. Cal. Apr. 18, 2011) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527-28 (9th Cir. 1993)). "Motions to strike are disfavored and infrequently granted." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation omitted). Accordingly, "[m]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Id*. (quotation marks and citation omitted).

## III. DISCUSSION

Defendants move to dismiss all claims against Defendant Chief Ta and to dismiss the fourth cause of action (*Monell*) for failure to state a claim. Defs. Mot. at 3, 8-9. Defendants also move to strike paragraphs 48-151 of the FAC and Plaintiffs' prayer for a consent decree. *Id*. at 3-8. The Court addresses Defendants' arguments in turn.

### A. Motion to Strike

The Court first addresses Defendants' motion to strike. Defs. Mot. at 3-8. Plaintiffs oppose the motion arguing the allegations in paragraphs 48-151 of the FAC are material and pertinent to establish a pattern, custom, and/or practice in support of their *Monell* claim. Pls. Opp'n at 8-11.

#### 1. Allegations Relating to Plaintiff's Counsel

Paragraphs 48, 61-62, 70-74, and 78 relate to Plaintiff's counsel's personal interactions and experiences with Vallejo police officers and officials beginning from 2019. FAC ¶¶ 48, 61-62, 70-74, 78. These paragraphs do not support *Monell* liability and have "no possible bearing on the subject matter of the litigation." *Neveu*, 392 F. Supp. 2d at 1170. The Court GRANTS Defendants' motion to strike paragraphs 48, 61-62, 70-74, and 78.

#### 2. Allegations Relating to Excessive Force and the Right to Film Violations

Paragraphs 49-53 relate to a prior incident in 2019 involving allegations of assault

and/or excessive force and the right to film during a traffic stop by Vallejo police officer McLaughlin and subsequent attempts by Vallejo police officers to intimidate the victim into not filing a grievance regarding the 2019 traffic stop. FAC ¶¶ 49-53. These paragraphs involve allegations relating to constitutional violations, including excessive force and the right to film, which appear to bear some factual similarity to the "subject matter of the litigation" and may serve to support *Monell* liability in this matter. *Neveu*, 392 F. Supp. 2d at 117. The Court DENIES Defendants' motion to strike paragraphs 49-52.

### 3.  Allegations Relating to Racism and Hiring Deficiencies

Paragraphs 54-56, 58-60, 63-65, 94-108, and 110-115 relate to prior incidents involving Vallejo police officers that are alleged to be racially motivated, racially-motivated "terror tactics" on community members, workplace discrimination of African American Vallejo police officers, the California Department of Justice's three-year informal "Cooperative Agreement" with the Vallejo Police Department relating to its history of racism and excessive force, and unlawful hiring practices that were racially-motivated and deficient. FAC ¶¶ 54-56, 58-60, 63-65, 94-108, 110-115. These allegations are not sufficiently similar to the "subject matter of the litigation" and not relevant to policies or customs concerning the alleged constitutional violations in this case. *Neveu*, 392 F. Supp. 2d at 1170. In addition, Plaintiffs do not allege a *Monell* equal protection claim in this action. *See* FAC; *see also Jenkins v. City of Vallejo*, 2025 WL 2410992, at *5 n.5  (E.D. Cal. Aug. 20, 2025). The Court GRANTS Defendants' motion to strike paragraphs 54-56, 58-60, 63-65, 94-108, and 110-115.

### 4.  Allegations Relating to the Vallejo Police Department's "Badge Bending" Practice

Paragraphs 66-69 and 79-93 relate to allegations of the Vallejo Police Department's "badge bending" practice of bending the star tip of the badge of officers who were involved in an on-duty shooting. FAC ¶¶ 66-69, 79-93. Though there are no allegations of an officer-involving shooting in this action, the allegations related to the

Vallejo Police Department's badge bending practice is sufficiently connected to Plaintiffs' *Monell* claim based on a practice or custom theory. *See generally* FAC; *Neveu*, 392 F. Supp. 2d at 1170. The Court also notes that Defendants have not moved to strike the FAC's reference to the badge bending practice in the "Monell Allegations" section. *See* Defs. Mot.; FAC ¶ 157. The Court DENIES Defendants' motion to strike paragraphs 66-69 and 79-93.

### 5. Allegations Relating to 2019 Deadly Force Incident

Paragraph 57 relates to a prior incident in 2019 involving Vallejo police officers who shot and killed the victim by shooting the victim 55 times while he was asleep in his car in a drive through and the subsequent media coverage thereafter. FAC ¶ 57. These allegations relating to a prior incident are not sufficiently similar to the allegations in this matter because the prior incident involves the use of deadly force which is not alleged here. *See Bagos*, 2020 WL 6043949, at *6; *Bryan*, 630 F.3d at 825. The Court GRANTS Defendants' motion to strike paragraph 57.

### 6. Allegations Relating to Other Incidents

Paragraphs 75-77, and 130-150 relate to allegations of harassment by Vallejo Police Department employees of critics and families of victims; the hiring of police lieutenant Nichelini based on nepotism; the resignation of City Attorney Trujillo; a contract entered into by Defendant City of Vallejo with Truleo, a company that conducts audits of police body cameras and the discovery of "potentially unprofessional conduct;" a subsequent vote of no confidence in Police Chief Shawny Williams and his subsequent forced departure from the police department due to racial threats and harassment; and the public dissent regarding Defendant Chief Ta's hiring as Police Chief. FAC ¶¶ 75-77, 130-150. These allegations are not sufficiently similar to the "subject matter of the litigation" and are not sufficiently connected to similar constitutional violations alleged here. *Neveu*, 392 F. Supp. 2d at 1170. The Court GRANTS Defendants' motion to strike paragraphs 75-77, and 130-150.

///

### 7. Allegations Related to California Attorney General's Stipulated Agreement with City of Vallejo

Paragraph 109 relates to a stipulated agreement entered into by the California Attorney General's Office and Defendant City of Vallejo in October 2023 for the failure to report threats received by Captain Whitney and Chief Williams and for failure to investigate potentially unqualified Vallejo police officers. FAC ¶ 109. These allegations have the potential to support *Monell* liability based on Defendant City of Vallejo having a pattern, custom, and/or practice of being deliberately indifferent to constitutional violations by the Vallejo Police Department. *See Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) ("To impose liability under *Monell*, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation."). The Court therefore DENIES Defendants' motion to strike paragraph 109.

### 8. Allegations Related to the City Attorney's Office

Paragraphs 116-129, and 151 relate to allegations of destruction of evidence and discovery misconduct and generalized allegations of concealing misconduct by the Vallejo City Attorney's Office. FAC ¶¶ 116-129, 151. These allegations are not sufficiently similar to the "subject matter of the litigation," and are not sufficiently connected to similar constitutional violations alleged or to the *Monell* claim alleged. *Neveu*, 392 F. Supp. 2d at 1170. The Court GRANTS Defendants' motion to strike paragraphs 116-129, and 151.

### 9. Prayer for a Consent Decree

Plaintiffs do not oppose striking their prayer for a consent decree. *See generally* Pls. Opp'n. The Court GRANTS Defendants' motion to strike Plaintiffs' prayer for a consent decree.

### 10. Conclusion

Accordingly, the Court GRANTS IN PART AND DENIES IN PART Defendants'

motion to strike. Defendants' motion to strike paragraphs 48, 53-65, 70-78, 94-108, 110-151, and the prayer for a consent decree, is GRANTED. Defendants' motion to strike paragraphs 49-52, 66-69, 79-93 and 109 is DENIED.

### B.     Motion to Dismiss

#### 1.    Defendant Chief Ta

Defendants seek to dismiss all claims against Defendant Chief Ta, who is sued in his official capacity only. Defs. Mot. at 3. Defendants argue Defendant Chief Ta is a redundant defendant because the claims against Defendant Chief Ta are in his official capacity only and are duplicative of the claims against Defendant City of Vallejo. *Id*. (citing *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't,* 533 F.3d 780, 799 (9th Cir. 2008)). The Court GRANTS Defendants' motion to dismiss Plaintiffs' claims against Defendant Chief Ta in his official capacity.

At the hearing, Plaintiffs argued they could plead facts to establish supervisory liability under Section 1983 against Defendant Chief Ta in his individual capacity. Accordingly, Plaintiffs will be provided an opportunity to amend their FAC, if they can, to allege specific facts demonstrating Defendant Chief Ta's connection to or involvement in the alleged violations.

#### 2.    *Monell* Claim (Fourth Cause of Action)

Defendants also argue that Plaintiffs have alleged irrelevant, vague and conclusory allegations that are insufficient to state a cognizable *Monell* claim. Defs. Mot. at 8-9. Plaintiffs argue they have established a cognizable *Monell* claim based on the following theories: (1) ratification by a final policymaker, Defendant Chief Ta; and (2) a custom, practice, and/or policy based on a showing of 150 prior incidents of police misconduct, concealment of these prior incidents, and failure to discipline or train any of the involved officers in the prior incidents. Pls. Opp'n at 11-14.

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks

omitted). Section 1983 claims must demonstrate the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. *See Lindke v. Freed*, 601 U.S. 187, 194 (2024). Under *Monell*, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). There is no respondeat superior liability under § 1983. *Monell*, 436 U.S. at 691-94. The Ninth Circuit recognizes four theories that establish municipal liability under *Monell*: "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). "Cases often refer to the fourth theory as ratification by a final policymaker." *Est. of Temple v. Placer Cnty. Sheriff's Off.*, 2024 WL 3742920, at *4 (E.D. Cal. Aug. 9, 2024) (internal quotation and citation omitted).

### a. <u>Monell Claim Based on a Ratification Theory</u>

Plaintiffs allege *Monell* liability against Defendant City of Vallejo based on allegations that Defendant Chief Ta, as the final policymaker, knew of the custom and practice of using excessive force by Vallejo police officers. Pls. Opp'n at 11. Plaintiffs allege that:

> Chief Ta, the final policymaker, the City Manager and the City Attorney's Office, knew of the custom, culture and practice of using excessive force by Vallejo Police Officers and excused their behavior by not initiating internal affairs overview of the incidents and/or directing them to dismiss the allegations without sufficient discipline or retraining and/or unlawfully concealing victim complaints from public scrutiny; concealing officer misconduct records; the longstanding practice of hiring officers who were disqualified from serving as police officers and/or refusal to terminate officers who did not pass background investigations; termination of misconduct review methods; and retaliation against people seeking to correct the constitutionally violative practices, including a former Vallejo Police Chief, Deputy Chief, and Captain. The voluminous amount of previously hidden misconduct allegations, which span a decade, demonstrate how deeply ingrained the constitutionally violative practices are and the degree to

>which they have been ratified by the municipality, that would rather fire whistleblowers than reform.

Pls. Opp'n at 11-12; *see also* FAC ¶¶ 152-168.

"[A] local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (citing *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir.1992)). "The policymaker must have knowledge of the constitutional violation and actually approve of it. A mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim." *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004) (citation omitted). "The policymaker must have knowledge of the constitutional violation and must make a 'conscious, affirmative choice' to ratify the conduct at issue." *Garcia v. City of Imperial*, 2010 WL 3911457, at *1 (S.D. Cal. Oct. 4, 2010) (citing *Lytle*, 382 F.3d at 987).

Here, Plaintiffs' FAC provides conclusory allegations that Defendant Chief Ta ratified unconstitutional conduct of his subordinates. *See* FAC ¶¶ 152-168; *see also* Pls. Opp'n at 11-12. As pled, this is insufficient to state a cognizable *Monell* claim. In addition, Plaintiffs also appear to generally allege multiple individuals as final policymakers. *See* FAC ¶¶ 152 ("[T]he Vallejo Police Department ratifies officers' unconstitutional behaviors which continue because they go by unchecked."), 158 ("the City's failure to investigate, control, supervise, and discipline…ratifies [Vallejo police officers'] unlawful behavior.), 166 ("Vallejo Police Department's longterm failure to investigate complaints of misconduct…is a proximate result of the Vallejo Police Department's not only failure to properly supervise its Officers but subsequent ratification of their unconstitutional conduct.). The FAC, as pled, does not clearly allege who the final policymaker is and does not allege that the final policymaker made a "conscious, affirmative choice" to pursue a particular policy. *Garcia*, 2010 WL 3911457, at *1; *see*

*also Gillette*, 979 F.2d at 1347.

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiffs' *Monell* claim on the basis of a ratification theory. The Court will grant Plaintiffs leave to amend because additional allegations may permit a cognizable *Monell* claim under a ratification theory against Defendant City of Vallejo.

### b.   Monell Claim Based on a Practice or Custom Theory

Plaintiffs contend that Defendant City of Vallejo has an "informal policy" of "repeated constitutional violations" that establishes *Monell* liability based on a practice or custom. Pls. Opp'n at 12-13. Plaintiffs argue the 150 incidents alleged in the FAC are sufficient to establish a pattern of police misconduct, failure to investigate, and failure to discipline or retrain involved officers. *Id*. at 13-14.

"[A] plaintiff may be able to prove the existence of a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage with the force of law.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (*quoting Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 168 (1970)). Liability for an improper custom may not be premised on isolated or sporadic incidents, but rather it must be founded on practices of "sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). The Ninth Circuit has "long recognized that a custom or practice can be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011) (internal quotation marks and citation omitted).

Plaintiffs have identified multiple prior instances of alleged misconduct by Defendant City of Vallejo in the FAC. Even without the stricken allegations, the FAC sufficiently alleges a custom or practice of police misconduct, failure to investigate, and failure to discipline or retrain involved officers. Plaintiffs' allegations plausibly show a custom or practice of Defendant City of Vallejo that is "permanent and well settled."

*Adickes*, 398 U.S. at 167-68. These allegations sufficiently allege that Defendant City of Vallejo had an unconstitutional custom or practice of police misconduct, failure to investigate, and failure to discipline or retrain involved officers.

Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiffs' *Monell* claim on the basis of a custom or practice theory.

## IV.   CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike (ECF No. 10) is GRANTED IN PART AND DENIED IN PART.
   a. Defendants' motion to strike paragraphs 48, 53-65, 70-78, 94-108, 110-151, and the prayer for a consent decree, is GRANTED; and
   b. Defendants' motion to strike Paragraphs 49-52, 66-69, 79-93 and 109 is DENIED.
2. Defendants' motion to dismiss (ECF No. 10) is GRANTED IN PART AND DENIED IN PART:
   a. Defendants' motion to dismiss Plaintiffs' claims against Defendant Chief Ta in his official capacity is GRANTED with leave to amend. Plaintiffs are granted leave to amend as to claims against Defendant Chief Ta in his individual capacity only. Plaintiffs shall file their amended complaint within thirty (30) days from the date of this order. Failure to timely file an amended complaint consistent with this order will be construed as Plaintiffs' consent to proceed with the dismissal of these claims.
   b. Defendants' motion to dismiss Plaintiffs' *Monell* claim (fourth cause of action) is GRANTED IN PART AND DENIED IN PART. Plaintiffs' *Monell* claim on the basis of a custom or practice theory may proceed. Plaintiffs' *Monell* claim on the basis of a ratification theory is DISMISSED with leave to amend. Plaintiffs shall file their

|   |   |   |
|---|---|---|
| 1 | | amended complaint within thirty (30) days from the date of this |
| 2 | | order. Failure to timely file an amended complaint consistent with |
| 3 | | this order will be construed as Plaintiffs' consent to proceed with the |
| 4 | | dismissal of this claim. |
| 5 | 3. | Within 30 days of this Order, Plaintiffs must either file: (a) a Second Amended |
| 6 | | Complaint consistent with this order regarding the claims against Defendant |
| 7 | | Chief Ta in his individual capacity and a *Monell* claim based on a ratification |
| 8 | | theory, if Plaintiffs can allege such claims, and removing the stricken |
| 9 | | allegations; or (b) a Final FAC that removes the stricken allegations and |
| 10 | | dismissed claims. |

Dated:  October 15, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, hern0900.25