UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO ROMERO HERNANDEZ, et al., | Case No. 2:25-cv-00900-CSK |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE AND DISMISS |
| CITY OF VALLEJO, et al., | |
| Defendant. | (ECF No. 26) |

Pending before the Court is Defendants City of Vallejo, Jason Ta, Pablo Lopez, and Rosendo Mesa's motion to dismiss Defendant Jason Ta as well as to strike Paragraphs 72-78 and 82-83 of the Second Amended Complaint.[1] (ECF No. 26.) A hearing by Zoom was held on January 20, 2026.[2] Melissa Nold appeared as counsel for Plaintiffs Gonzalo Romero Hernandez and Daisy Romero; Hampton A. Jackson appeared as counsel for Defendant. (ECF No. 31).

For the reasons that follow, the Court GRANTS IN PART AND DENIES IN PART

---

[1]  This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 6, 7, 9.)

[2] The Court approved Plaintiffs' unopposed request to appear by video. (ECF Nos. 29, 30.)

1

the Defendants' motion to strike and GRANTS the Defendants' motion to dismiss Jason Ta.

## I.    BACKGROUND

### A.    Factual Allegations[3]

On or about March 19, 2023, at approximately 2:45 a.m., married couple Plaintiffs Daisy Romero and Gonzalo Romero Hernandez were passengers in a car driving through the City of Vallejo. SAC ¶ 20 (ECF No. 4). Plaintiffs were passengers, asleep in the back seat of the car when the driver, Miguel Maravillas, was involved in a minor car accident. *Id*. ¶¶ 20-21. The car's safety system summoned law enforcement and Defendants Lopez, Mesa and other unidentified Vallejo police officers arrived to the scene of the accident. *Id*. ¶ 20. Plaintiff Daisy remained in the back seat of the car and did not wake up when Plaintiff Gonzalo tried to get her up and out of the car. *Id*. ¶ 22. Instead of checking on Plaintiff Daisy to see if she needed medical attention, "Vallejo Police Officers began screaming at her, 'GET OUT OF THE CAR.'" *Id*. ¶ 23. Both Plaintiff Gonzalo and Maravillas told officers that Plaintiff Daisy passed out and was not awake or responsive. *Id*. ¶ 24. Plaintiff Gonzalo was not allowed to assist or help Plaintiff Daisy. *Id*. Unidentified Vallejo police officers "violently dragged [Plaintiff Daisy] out of the car by the hair of her head and upper body," thereby waking up Plaintiff Daisy who was shocked and terrified. *Id*. ¶ 25.

After being violently dragged out of the car, Plaintiff Daisy was slammed in a seated position on the grass of the sidewalk while she cried out in pain, triggering her pre-existing herniated disk and sciatic injury. *Id*. ¶ 26. Plaintiff Gonzalo began filming the officers and verbally protested the mistreatment of Plaintiff Daisy despite Defendant Lopez's attempts to prevent him from filming. *Id*. ¶¶ 27-28. Plaintiff Daisy was then

---

[3] These facts primarily derive from the second amended complaint (ECF No. 25), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

grabbed by Defendant Mesa from a "cross-legged position on the grass," thrown forward, and her face, head and body were slammed into the street, while Plaintiff Gonzalo cried out to the officers "what are you doing??" and to "leave her alone." *Id*. ¶ 29. Plaintiff Daisy was held down by "other officer(s)" and Defendant Mesa straddled her and an unidentified Vallejo police officer handcuffed Plaintiff Daisy while her face, head and body were forced into the ground. *Id*. ¶ 31.

After placing Plaintiff Daisy in the patrol car, Defendant Mesa told Plaintiff Gonzalo to back up. *Id*. ¶ 34. After Plaintiff Gonzalo complied and turned his back to the officers, "multiple Vallejo police officers" pulled Plaintiff Gonzalo off his feet, dumped him on his head face first into the concrete and slammed his head into the concrete multiple times, scraping multiple layers of skin off his face. *Id*. ¶¶ 34-35. After Plaintiff Gonzalo briefly ended up on his back, cellphone footage showed an unidentified Vallejo police officer with his hands around Plaintiff Gonzalo's throat choking him. *Id*. ¶ 36. Additional unidentified Vallejo police officers bent, abused and contorted Plaintiff Gonzalo's body, flipped him over and violently handcuffed him. *Id*. After Plaintiff Gonzalo's arrest, an unidentified Vallejo police officer tried to convince him that his injuries were a result of falling. *Id*. ¶ 37.

Plaintiff Daisy was falsely arrested and charged for resisting arrest, and Plaintiff Gonzalo was falsely arrested for felony battery on a police officer and a misdemeanor resisting arrest. *Id*. ¶¶ 38-39. The Solano County District Attorney later dismissed the charges. *Id*. ¶ 42.

In October 2023, Plaintiffs filed a formal complaint with the Vallejo Police Department and requested an internal affairs investigation of the incident. *Id*. ¶ 43. Plaintiffs have not received an outcome on their formal complaint. *Id*. ¶ 44. Plaintiffs allege they continue to suffer from "pain, fear, embarrassment, anxiety, stress and disfigurement" resulting from the incident. *Id*. ¶¶ 40-41, 45.

**B.     Procedural Posture**

On March 19, 2025, Plaintiffs filed the original complaint in this action. *See*

Compl. (ECF No. 1). On April 19, 2025, prior to the filing of the responsive pleading, Plaintiffs filed the operative first amended complaint as a matter of right pursuant to Federal Rules of Civil Procedure 15(a). *See* FAC. On July 24, 2025, Defendants filed a Motion to Dismiss all claims against Defendant Chief Ta and to dismiss the fourth cause of action (*Monell*) for failure to state a claim upon which could be granted pursuant to Federal Rules of Civil Procedure 12(b)(6). Defs.' Mot. at 3, 8-9. Defendants also moved to strike paragraphs 48-51 of the FAC and Plaintiffs' prayer for a consent decree pursuant to Federal Rules of Civil Procedure 12(f). *Id*. at 3-8. On October 15, 2025, the Court granted in part and denied in part Defendants' motion to dismiss and motion to strike. 10/15/2025 Order (ECF No. 21). The Court struck paragraphs 48, 53-65, 70-78, 94-108, 110-151 and the prayer for a consent decree from the FAC. *Id*. The Court denied the motion to strike paragraphs 49-52, 66-69, 79-73, and 109. *Id*. The Court granted Defendants' motion to dismiss Defendant Chief Ta in his official capacity with leave to amend as to claims against Defendant Chief Ta in his individual capacity. *Id*. The Court allowed Plaintiffs' *Monell* theory on the basis of custom or practice to proceed. *Id*. However, the Court dismissed Plaintiffs' *Monell* theory on the basis of a ratification theory with leave to amend. *Id*. The Court ordered Plaintiffs to either file a Second Amended Complaint consistent with its order, or a final FAC removing the stricken allegations and dismissed claims. *Id*.

On November 14, 2025, Plaintiffs filed a Second Amended Complaint (SAC) against the City of Vallejo, Jason Ta, Pablo Lopez, and Rosendo Mesa. (ECF No. 25.) On December 1, 2025, Defendants filed a motion to dismiss Defendant Chief Ta and a motion to strike paragraphs 72-78 and 82-83 of the SAC. (ECF No. 26.) On January 20, 2026, a hearing was held and the motions were submitted. (ECF No. 31.)

## II.    LEGAL STANDARDS

### A.    Motion to Strike

Rule 12(f) grants the district court authority to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

4

Fed. R. Civ. Proc. 12(f). The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Granting a motion to strike "may be proper if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Taheny v. Wells Fargo Bank, N.A.*, 2011 WL 1466944, at *2 (E.D. Cal. Apr. 18, 2011) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527-28 (9th Cir. 1993)). "Motions to strike are disfavored and infrequently granted." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation omitted). Accordingly, "[m]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Id*. (quotation marks and citation omitted).

### B.     Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.,* 559 F.3d 1061, 1071 (9th Cir. 2009).

/ / /

**III.    DISCUSSION**

Defendants move to strike paragraphs 72-78 and 82-83 of the SAC. Defs.' Second Mot. to Dismiss at 2-4. Defendants also move to dismiss all claims against Chief Ta. *Id*. at 4-5. The Court addresses Defendants' arguments in turn.

**A.    Motion to Strike**

The Court grants in part and denies in part Defendants' motion to strike.  The motion is denied as to paragraphs 72-76 and the first sentence of paragraph 77 ("In mid-2023, the City hired Deputy Chief Joseph Gomez."), and paragraph 78. The motion is granted as to the remainder of paragraph 77, and paragraphs 82 and 83, which are stricken.

**1.    Allegations Relating to California Attorney General's Stipulated Agreement with City of Vallejo**

Paragraph 76 relates to a stipulated agreement entered into by the California Attorney General's Office and Defendant City of Vallejo in October 2023 for the failure to report threats received by Captain Whitney and Chief Williams and for failure to investigate potentially unqualified Vallejo police officers. SAC ¶ 76. This paragraph is identical to paragraph 109 of the FAC and the Court previously denied Defendants' motion to strike this paragraph, ruling to "have the potential to support *Monell* liability based on Defendant City of Vallejo having a pattern, custom, and/or practice of being deliberately indifferent to constitutional violations by the Vallejo Police Department." 10/15/25 Order at 9. Accordingly, Defendants' renewed motion to strike the same allegation in paragraph 76 is DENIED.

**2.    Allegations Relating to Other Civil Lawsuits**

Paragraphs 82 and 83, and a portion of paragraph 77 (the second sentence and block quotation) relate to other civil lawsuits against the City of Vallejo, including a civil employment lawsuit. These allegations are not sufficiently similar to the "subject matter of the litigation" and are not sufficiently connected to similar constitutional violations alleged here. *Neveu*, 392 F. Supp. 2d at 1170. The Court previously struck similar

allegations in the FAC. *See* 10/15/2025 Order at 7. The Court GRANTS Defendants' motion to strike paragraphs 82 and 83, and all but the first sentence of paragraph 77.

### 3. Other Allegations

Defendants also move to strike paragraphs 72-75 and 78 relating to Chief Ta and former Chief Williams. These allegations, however, are similar to other allegations Defendants do not move to strike. *See, e.g.,* SAC ¶¶ 84-88. The Court therefore DENIES Defendants' motion to strike paragraphs 72-75 and 78.

### B. Motion to Dismiss Defendant Chief Ta

In the fourth cause of action, Plaintiffs bring a 42 U.S.C. § 1983 claim against Chief Ta in his individual capacity. SAC at 31:13-15 (heading for fourth cause of action lists Chief Ta as a defendant). Defendants move to dismiss Defendant Chief Ta. Defs.' Second Mot. to Dismiss at 4. Defendants argue that Plaintiffs have failed to allege specific facts establishing supervisory liability against Chief Ta under § 1983. *Id*. Plaintiffs do not address these arguments in their opposition and instead argue that they have presented evidence that Chief Ta ratified unconstitutional conduct under a theory of liability recognized under *Monell v. Department of Social Services* ("Monell"). Pls' Opp'n at 13-15. It is unclear why Plaintiffs raise arguments regarding their *Monell* claim, which Defendants do not move to dismiss. As such, the Court declines to address Plaintiffs' ratification arguments, and instead focuses on the issue raised in the pending motion—Plaintiffs' § 1983 claim against Chief Ta in his individual capacity.

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). Section 1983 claims must demonstrate the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. *See Lindke v. Freed*, 601 U.S. 187, 194 (2024). Defendants may be held independently liable as a supervisor under 42 U.S.C. § 1983 if there exists either "(1) his or her personal involvement in the constitutional deprivation, or (2) a

sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hanson v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Supervisors may also be held individually liable despite not being directly involved in unconstitutional conduct. *Sterling v. City of Antioch*, 2023 WL 2600454, at *5 (N.D. Cal. Mar. 21, 2023). For liability to attach, the supervisor must have "knowingly refused to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict a constitutional injury*." Dubner v. City of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001).

Defendants claim Plaintiffs have failed to allege Chief Ta participated in or directed the alleged constitutional violations, set in motion or knowingly refused to terminate a series of acts by the named officers, or a sufficient causal connection showing that Chief Ta's failure to train officers would have prevented the alleged constitutional violations against Plaintiffs. Defs' Mot. to Dismiss at 5. The Court agrees.

Courts in the Ninth Circuit have dismissed supervisory liability claims against police department chiefs where the pleadings were conclusory and there were no factual allegations to support a causal connection between the chief's conduct and the unconstitutional actions allegedly committed by subordinate officers. *See Sterling*, 2023 WL 2600454, at *6; *Mitchell v. County of Contra Costa*, 2022 WL 526161, at *7 (N.D. Cal. Feb. 22, 2022) (finding that pleadings that only state that the supervisor "directed his or her subordinates in conduct that violated Plaintiff's rights," "set in motion a series of acts and omissions by his or her subordinates," "failed to act to prevent his or her subordinate from engaging in conduct," and "disregarded the consequence of a known or obvious training deficiency" were conclusory and contained no factual allegations to support supervisory liability); *Arteaga v. City of Oakley*, 2020 WL 511876, at *7 (N.D. Cal. Jan. 31, 2020) (dismissing a claim for supervisory liability on similarly-pled allegations).

Here, Plaintiffs' SAC falls short in similar ways. As noted by Defendants in their motion to dismiss, Plaintiffs include non-parties City Attorney Veronica Nebb and City Manager Mike Malone in each of the allegations against Chief Ta. *See* SAC ¶¶ 139-145.

These allegations do not sufficiently allege that Chief Ta inadequately supervised and disciplined subordinates, which led to the alleged constitutional violations against Plaintiffs or that his conduct constituted a concealment, approval, or ratification of the behavior. Plaintiffs did not respond to Defendants' arguments regarding pleading deficiencies for supervisory liability in their opposition. *See* Pls. Opp'n. Accordingly, Plaintiffs have failed to plead individual supervisory liability against Chief Ta. The Court GRANTS Defendants' motion to dismiss Chief Ta.

### C.    Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected. *Id*. at 1130-31. However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995). The Court declines to grant further leave to amend as Plaintiffs were previously granted leave to amend to plead a § 1983 claim against Chief Ta in his individual capacity, and were not able to sufficiently plead a claim.

## IV.    CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.    Defendants' motion to strike (ECF No. 26) is GRANTED IN PART AND DENIED IN PART:

  a.  Defendants' motion to strike paragraphs 72-76 and 78 is DENIED;

  b.  Defendants' motion to strike paragraph 77 is DENIED as to the first sentence, and GRANTED as to the remainder of paragraph 77; and

  c.  Defendants' motion to strike paragraphs 82 and 83 is GRANTED.

2.    Defendants' motion to dismiss Chief Ta (ECF No. 26) is GRANTED without leave to amend.

3.    Within 14 days of this Order, Plaintiffs must file a Third Amended

Complaint consistent with this order, removing the stricken allegations and removing Chief Ta as a named defendant in the fourth cause of action (*see* SAC at 31:13-15).

4.    Within 28 days of this Order, Defendants must file their Answer to the Third Amended Complaint.

Dated:  February 10, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, hern.0900

10